RAYMOND E. ENNIST, by GEORGE ENNIST, His Guardian ad Litem, Appellant, v. GORDON O. YERRY, Defendant, and THERON E. TOWNSEND, Respondent.— Motion by defendant, a justice of the peace, to dismiss the complaint in an action for false imprisonment. The information was sufficient to justify the issuance of the warrant. The decretal part of the order is modified to read as follows: " Ordered, that said motion be, and the same hereby is, in all respects granted, and that the complaint be, and the same hereby is, dismissed as against the defendant Theron E. Townsend," and as so modified the order is affirmed. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR HOUSE, Relator, v. MARK GRAVES and Others, as Tax Commissioners of the State of New York, Defendants.— Review under article 78 of the Civil Practice Act of a final determination of the State Tax Commission which affirmed an assessment of additional income tax against the relator for the year 1931. Relator, an attorney at law, contended that certain moneys received by him and his assignees were gifts and not fees. They came as the result of litigation in which he was one of the attorneys and part of these moneys was actually paid in settlement of the litigation. The determination below was quite in accord with the facts. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

HARNISCHFEGER SALES CORPORATION, Appellant, v. WILLIAM B. SPELLMAN, Respondent.— Appeal from a judgment dismissing the complaint in an action of replevin, rendered after a trial. The subject-matter of the action was a P. & H. Model 300A Excavator. It had been sold by plaintiff to a road construction corporation on a conditional sales contract. It was delivered to the vendee at the town of Colton, and it there remained until after the making of the conditional sales contract. A copy of the contract was filed in the office of the clerk of the town of Clifton. This was not the proper clerk's office, and it did not become a lien on the excavator as against third parties. The defendant purchased the excavator on a sheriff's sale under an execution and under an attachment. His title is good. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.